## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

ELECTROLUX HOME PRODUCTS,
INC.,

        Plaintiff,

vs.

WHITESELL CORPORATION,

        Defendant.

No.    05-1007 T/An
Re: CV103-050 Southern District of Georgia

---

## ORDER DENYING DEFENDANT'S MOTION TO COMPEL AND GRANTING NON-PARTY'S MOTION TO QUASH AND FOR PROTECTIVE ORDER

---

Before the Court is Defendant's Motion to Compel Discovery filed on October 11, 2005, and Non-Party Martin Industrial Supply Company, Inc.'s ("Martin") Motion to Quash Subpoena and for Protective Order filed on October 19, 2005.  Martin filed the Motion in response to Defendant's Motion which sought to compel Martin to comply with the subpoena served on it on July 14, 2005 seeking document production and deposition testimony in Martin's possession. For the following reasons, the Defendant's Motion is **DENIED** and Martin's Motion is **GRANTED**.

### BACKGROUND

In December of 2000, the Plaintiff and the Defendant entered into a contract in which the Defendant agreed to supply metal fasteners to the Plaintiff.  In the event that the Defendant submitted a price increase for the fasteners to the Plaintiff, the contract allowed the Plaintiff to obtain bids from other fastener suppliers.  On March 24, 2003, the Plaintiff filed suit against the

1

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on __12-06-05__

Defendant in the United States District Court for the Southern District of Georgia over the aforementioned contract. In June of that year, the parties moved the court to dismiss the matter without prejudice but the court retained jurisdiction to enforce a settlement agreement between the parties. Two years later, in March of 2005, the Defendant moved the court to enforce the settlement agreement with the Plaintiff. The Defendant later moved the court to set aside the settlement agreement and moved for a trial on the original 2003 complaint filed by the Plaintiff. In May of 2005, however, the Defendant withdrew this Motion.

In early 2005, Plaintiff requested that Martin supply a price quote for fasteners, apparently because of a price increase submitted to the Plaintiff by the Defendant. Martin provided the requested price quote to the Plaintiff and a salesman for Martin, Jim Morgan ("Morgan"), provided an affidavit confirming the price quote.

Thereafter, the Defendant served upon Martin subpoenas through this Court seeking, among other things, a list of Martin's employees, information concerning prices Martin paid for parts, communications between Martin and the Plaintiff, and copies of Martin's phone, facsimile, and mailing records from January 2003 to July 2005. It also served Martin with Notices to Take Depositions of Morgan and a corporate representative. Martin agreed to allow the Defendant to depose Morgan and a corporate representative and agreed to present the price quotes that were submitted to the Plaintiff. The Defendant subsequently filed a Motion to Compel and Martin responded with a renewed Motion to Quash the Subpoenas and for a Protective Order.[1]

---

[1]Martin's first Motion to Quash, D.E. #1, was denied as moot when counsel for Martin informed the Court that the parties had tentatively resolved their dispute and that Court intervention was not necessary at that time. D.E. # 4.

2

## ANALYSIS

In civil suits, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(c).  In this Circuit, the scope of discovery is extremely broad under the Federal Rules of Civil Procedure and "is . . . within the broad discretion of the trial court." *Lewis v. ACB Business Servs. Inc.*, 135 F.3d 389, 502 (6th Cir. 1998).  A party to a lawsuit, however, can obtain documents from a non-party "only by a subpoena duces tecum issued pursuant to Fed. R. Civ. P. 45(d)(1)." *Jones v. Continental Casualty Co.*, 512 F. Supp. 1205, 1207 (E.D. Va. 1981).  The Rules of Civil Procedure also provide that "[o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . requires disclosure of privileged or other protected matter and no exception or waiver applies." Fed. R. Civ. P. 45(c)(3); *see also United States v. Louis Trauth Dairy, Inc.*, 162 F.R.D. 297, 300-01 (S.D. Ohio 1995) (noting "the Court may grant a motion to quash in order to protect confidential sources of information").

It is the moving party's burden to show the information sought is somehow privileged or protected. *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48-49 (S.D.N.Y. 1996). After the moving party has proven the information is confidential, the burden shifts to the party seeking discovery, which in this case is the Defendant.  Thus, the Defendant must establish that the disclosure of confidential information is both relevant and necessary and "cannot be otherwise met without undue hardship . . . ." Fed. R. Civ. P. 45(c)(3)(B)(iii); *see Echostar Communications Corp. v. The News Corp.*, 180 F.R.D. 391, 394 (D. Colo. 1998).  If the Defendant is able to meet its burden, this Court should "balance the need for the disclosure against the injury that would result from that disclosure." *R & D Business Systems v. Xerox*

*Corp.*, 152 F.R.D. 195, 197 (D. Colo. 1993).

Under the Federal Rules of Civil Procedure, this Court can still quash the subpoena if the requested documents are "obtainable from some other source that is more convenient, less burdensome, or less expensive . . . ." Fed. R. Civ. P. 26(b)(2).

### No Active Litigation

In the present matter, there is no active litigation between the Plaintiff and the Defendant in the Southern District of Georgia, despite the Defendant's characterization of Case No. CV 103-050 as "pending litigation.." Def.'s Mtn to Compel p. 1. Although the Defendant had moved the court there to reopen the case for trial, it withdrew its motion on May 9, 2005 and so the court in the Southern District of Georgia merely retains jurisdiction to enforce the settlement agreement that the Plaintiff and the Defendant entered into two years ago.

### Relevance

Even if there was ongoing litigation between the Plaintiff and the Defendant, the Court is not convinced that the information the Defendant is seeking would be relevant to that litigation. The contract between the Plaintiff and the Defendant allowed the Plaintiff to obtain competitive price quotes for fasteners if and when the Defendant increased their price quotes. The Defendant could then match those quotes if it so desired. Therefore, the relevant inquiry, in the event of ongoing litigation, would be the actual price quote supplied by a competitor, not the information on how the competitor arrived at the quote. The Defendant has not demonstrated that information on how Martin arrived at its quote is necessarily relevant.

### Trade Secrets

Lastly, even assuming that what the Defendant seeks might be relevant, the Defendant

4

appears to be seeking confidential trade secrets from Martin, one of its direct competitors. Much of the information sought concerns the cost of materials that Martin pays to its suppliers and who Martin's suppliers and clients are. This sort of disclosure would be extremely prejudicial to Martin because if Martin were forced to provide this information to the Defendant, the Defendant would be in a position to undercut Martin's prices, perhaps even forming contracts with Martin's own suppliers, thus placing Martin at a competitive disadvantage.

### Attorneys' Fees and Expenses

Federal Rule of Civil Procedure 37 provides that the payment of reasonable expenses, including attorney's fees, is an appropriate sanction. *See* Fed. R. Civ. P. 37. In addition, "a court may assess attorneys' fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Dillon v. Nissan Motor Co., Ltd.*, 986 F.2d 263, 266 (8th Cir. 1993). The United States Supreme Court agrees with the *Dillon* court. *See, e.g., Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763 (1980) ("Both parties and counsel may be held personally liable for expenses, 'including attorney's fees,' caused by the failure to comply with discovery orders.").

In light of all circumstances, the Court will consider whether Martin is entitled to an award of fees and expenses due to the Defendant's apparent abuse of the discovery process. According to Martin, the Defendant obtained a protective order in Georgia to prevent disclosure of exactly the same kind of information that it now wants this Court to order Martin to produce. In addition, Martin also alleges that the Defendant misrepresented the deposition testimony of Martin's sales representative, Morgan, when it stated in its Motion that Morgan acknowledged Martin had quoted some of the parts at a loss and that one particular quote would not be honored

by Martin because it was too low.  Martin contends that Morgan repeatedly testified that Martin was willing to sell fasteners to the Plaintiff at the quotes price at the time the quote was made.

Therefore, Martin shall have forty-five (45) days from entry of this Order to file an affidavit of fees and expenses incurred in responding to the Defendant's Motion to Compel and seeking an Order to Quash the Defendant's subpoena.  Martin shall also file a supporting memorandum of facts and law if it believes there is sufficient reason for the Court to conclude that the Defendant has abused the discovery process and misrepresented certain facts to the Court.  The Defendant shall have thirty (30) days after Martin files its affidavit and supporting memorandum to file a response.  The Court will then decide if the Defendant's conduct warrants an award under Federal Rule of Civil Procedure 37.

## CONCLUSION

Because the documents that the Defendant seeks are not relevant to any ongoing litigation between the Plaintiff and the Defendant and because most of the documents contain trade secrets of Martin, the Defendant's Motion to Compel Discovery is **DENIED**.  Martin's Motion to Quash the Subpoena and for a Protective Order is **GRANTED**.

**IT IS SO ORDERED**.

S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE
Date: December 1, 2005

6

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 13 in
case 1:05-MC-01007 was distributed by fax, mail, or direct printing on
December 6, 2005 to the parties listed.

---

Edmond E. Koester
GOODLETTE COLEMAN & JOHNSON , P.A.
4001 TAMIAMI TRAIL NORTH
STE 300, NORTHERN TRUST BANK BLDG
NAPLES, FL 34103

D. Christopher Carson
BURR & FORMAN
3100 South Trust Tower
420 N. 20th St.
Birmingham, AL 35283--071

James A. Hoover
BURR & FORMAN, LLP
3100 Southtrust Tower
420 North 20th Street
Birmingham, AL 35203

Honorable James Todd
US DISTRICT COURT